UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>**TODD WILLIAM DEVALL,**<br>Debtor. | **Bankruptcy Case No. 11-13708 EEB**<br>**Chapter 13** |
| **WEAVER AND ASSOCIATES, P.C.,**<br>Plaintiff,<br><br>v.<br><br>**TODD WILLIAM DEVALL,**<br>Defendant. | **Adversary Proceeding No. 11-01512 EEB** |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS MATTER has come before the Court on the Defendant's "Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted," Plaintiff's Response, and Defendant's Reply. The Defendant argues that the Complaint's sole claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(A) should be dismissed for two reasons: (1) § 523(a)(2)(A) requires that the false statement must be a statement respecting a debtor's overall financial condition, which these alleged misstatements are not; and (2) the alleged misrepresentations concern promises of future acts and are, therefore, not actionable as fraud.

### I. Standards for a Motion to Dismiss

The Defendant's Motion to Dismiss seeks dismissal under Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012. In reviewing a motion to dismiss, the Court must accept all well-pled factual allegations in the complaint as true and construe the complaint in favor of the plaintiff. *Ash Creek Mining v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Duran v. Carris,* 238 F.3d 1268, (10th Cir. 2001) (quotation omitted).

The Supreme Court recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "Plausible" does not mean "probable," and the court must still accept alleged facts as true, but the pleading must assert "more than a sheer possibility that a defendant has acted unlawfully." *Id.* It must be remembered, however, that the requirements of "plausibility" and "fair notice," neither invalidate Rule 8's "short and plain statement" rule nor impose a heightened fact pleading standard. *See Twombly*, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics . . . ."). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that recovery is very remote and unlikely." *Id.* at 556 (quotations omitted). The critical question is, "assum[ing] the truth of all well-pleaded facts ... and draw[ing] all reasonable inferences therefrom in the light most favorable to the plaintiffs," whether the complaint "'raise[s] a right to relief above the speculative level.'" *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

## II.   Discussion

Section 523(a)(2)(A) provides that a discharge under 11 U.S.C. § 727 does not discharge an individual debtor from a debt-

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). To establish that a claim is subject to this exception from discharge, Plaintiff must prove the following elements: (1) the debtor made a false representation; (2) with the intent to deceive the creditor; (3) the creditor relied on the false representation; (4) the creditor's reliance was justifiable; and (5) the false representation resulted in damages to the creditor. *In re Young*, 91 F.3d 1367, 1373 (10th Cir.1996); *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

### A.   Claims Pled Under § 523(a)(2)(A) Do Not Have to Be Claims "Respecting Financial Condition"

The Defendant's first basis for dismissal is his assertion that § 523(a)(2)(A) requires that the false statement must be a statement respecting a debtor's overall financial condition and the alleged misstatements in the Complaint do not fall within this category. The Defendant appears to be misconstruing the language of this statute. It appears from his Motion that the Debtor believes that, to be actionable under § 523(a)(2)(A), the alleged fraudulent statement must be a statement "respecting his financial condition." In fact, on page 3 of the Motion, when the Defendant lists the elements of this claim, he states the first element as "[1] the debtor made a

false representation [respecting his financial condition]." Section 523(a)(2)(A) states, however, that the "false pretenses, false representation, or actual fraud" must be "*other than* a statement respecting the debtor's or an insider's financial condition." (emphasis added). Thus, subsection (A) pertains to fraud claims, *other than* fraud claims that arise from a statement respecting the debtor's or an insider's financial condition. If the particular fraud claim involves a false statement regarding financial condition, then it must be brought under § 523(a)(2)(B). Subsection (B) has some of the same elements as subsection (A), but it also has an additional requirement that the false statements must have been made in writing, and it has a different standard of reliance (reasonable instead of justifiable).

Thus, the Court acknowledges that the Tenth Circuit has construed the definition of "statements respecting financial condition" narrowly. *Cadwell v. Joelson (In re Joelson)*, 427 F.3d 700 (10th Cir. 2005). The Court agrees with the Defendant that the alleged false statements set forth in the Complaint do not constitute statements respecting the Defendant's financial condition. But it is not necessary to plead a statement respecting financial condition in order to state a claim for relief under § 523(a)(2)(A). In fact, a plaintiff *cannot* establish a claim under subsection (A) if it involves a statement respecting financial condition. Consequently, the Defendant's first argument for dismissal fails.

### B. Statements Regarding Future Intentions or Promises are Generally Not Actionable for Fraud

In the Defendant's second argument, he asserts that the alleged false statements are statements concerning his future intentions and, as such, they are not actionable for fraud. As a general rule, the Defendant correctly states the law. However, an exception to this rule exists if a plaintiff can establish that the defendant had no intention to fulfill his promises at the time he made them.

In *Field v. Mans*, 516 U.S. 59 (1995), the Supreme Court made clear that the term "false representation" in Section 523(a)(2) is defined under the Restatement (Second) of Torts as it existed in 1978 when this phrase was incorporated into the Bankruptcy Code. *Accord Chevy Chase Bank FSB v. Kukuk (In re Kukuk),* 225 B.R. 778, 782 (10th Cir. BAP 1998). The Restatement provides that "[a] representation of the maker's own intention to do or not to do a particular thing is fraudulent if he does not have that intention." Restatement (Second) of Torts § 530(1). Comment b to Section 530(1) of the Restatement states:

> To be actionable the statement of the maker's own intention must be fraudulent, which is to say that he must in fact not have the intention stated. If he does not have it, he must of course be taken to know that he does not have it. If the statement is honestly made and the intention in fact exists, one who acts in justifiable reliance upon it cannot maintain an action of deceit if the maker for any reason changes his mind and fails or refuses to carry his expressed intention into effect. If the recipient wishes to have legal assurance that the intention honestly entertained will be carried out, he must see that it is expressed in the form of an enforceable contract, and his action must be on the contract.

3

*Id.* at cmt b.  Another comment to this section states:

> Proof of intention not to perform agreement.  The intention that is necessary to make the rule stated in this Section applicable is the intention of the promisor when the agreement was entered into.  The intention of the promisor not to perform an enforceable or unenforceable agreement cannot be established solely by proof of its nonperformance, nor does his failure to perform the agreement throw upon him the burden of showing that his nonperformance was due to reasons which operated after the agreement was entered into.  The intention may be shown by any other evidence that sufficiently indicates its existence, as, for example, the certainty that he would not be in funds to carry out his promise.

*Id.* at cmt. d.  Accordingly, a debtor's promise or statement regarding his *future intention* may constitute a false representation under Section 523(a)(2)(A) if the debtor has no present intention of performing it.  *See* Restatement (Second) of Torts § 530(1); *Palmacci v. Umpierrez*, 121 F.3d 781, 787 (1st Cir. 1997); *In re Allison*, 960 F.2d 481, 484 (5th Cir. 1992).  On the other hand, if a debtor intends to perform at the time he makes a promise, but subsequently changes his mind or fails to perform, then the initial representation will not be actionable for fraud.  *See Palmacci*, 121 F.3d at 787; 4 Collier on Bankruptcy ¶ 523.08[1][d] at 523-43.

      In the Complaint, the Plaintiff alleges two misrepresentations.  First, it alleges that the Defendant promised in his Payment Agreement to: (a) provide a *valid* credit or debit card; and (b) if the credit or debit card information provided "changes," then he promised to notify Plaintiff *immediately*.  At some undisclosed point in time when Plaintiff attempted to bill the Defendant through the card information he supplied, it learned that the account on which the card had been issued had closed.  The Complaint does not specify whether, *at the time the Defendant made his promises*, the card account had already been closed and that the Defendant knew this.  The timing of the closing and the Defendant's knowledge is relevant to whether the Defendant had no intention to honor these promises in the Payment Agreement when he made them.  If so, then they may establish false representations.  If the promises were true at the time he made them, but he subsequently failed or refused to perform them, then they will not be actionable for fraud.

      The second misrepresentation alleged in the Complaint pertains to a promise to catch up on past due payments for services.  In both telephone calls and in a string of emails between an associate attorney of the Plaintiff and the Defendant, he stated, "as you know, I lost my job, did not plan on it.  I understand you have commitments and need to be payed [sic].  I will get money, probably from my 401K. . . . Right now I'm being considered for unemployment and do not know the income yet."  Plaintiff has interpreted these statements as a promise to borrow from his 401k retirement funds.  The Court is not so sure it would take these statements as a promise to borrow from his retirement funds, but a promise to find some way to secure the necessary funds, which he obviously did not fulfill.  As the Defendant notes, such a promise, without more, is not actionable for fraud.  But the Complaint states further that "debtor never had any intention to pay

any additional funds to Weaver, other than the initial retainer." Complaint, ¶ 10. It also alleges that "as of the date of the Fee Agreement, . . . the debtor was already indebted to two other attorneys . . . . It is apparent that debtor was intentionally attempting to avoid payment to his attorneys, and established a pattern of non-payment for his legal representation." Complaint, ¶ 7.

As the Supreme Court stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)(citations omitted), "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that recovery is very remote and unlikely." Like the Defendant, this Court is skeptical of whether the Plaintiff will be able to prove that the Defendant had no intention to fulfill his promises at the time he made them. But the Complaint does make these allegations and these are the type of allegations that usually require the Plaintiff to conduct discovery to uncover additional facts and circumstances that would bear on the Defendant's state of mind at the time he made these promises. Thus, it would not be proper for the Court to dismiss this claim based solely on the pleadings.

Before concluding, the Court has three further observations to offer at this stage. First, the Complaint assumes that all of the unpaid legal services will be non-dischargeable. The statute only renders non-dischargeable the debt for services "*to the extent obtained by*" any fraudulent misrepresentations. Thus, any recovery would be limited to the amount of the debt that arose *after* Plaintiff was induced by the alleged false statements. Second, if it should turn out that Plaintiff does not have substantial justification for alleging that the Defendant had no intention to perform his promises at the time he made them, then the Defendant may have an effective remedy.

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d). Finally, the Court notes that this was the *second* motion to dismiss filed by the Defendant. It is time to get past the pleading stage and move to the merits of this case. Any further delay will only serve to unnecessarily increase the cost of this litigation. Accordingly, it is hereby

ORDERED that the Defendant's Motion to Dismiss is DENIED.

FURTHER ORDERED that the Defendant shall file a responsive pleading within fourteen days from the date of this Order.

DATED this 6th day of April, 2012.

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown
United States Bankruptcy Judge